1

2

DAVID M. JOLLEY (SBN 191164)
Email:  djolley@donahue.com
DONAHUE FITZGERALD LLP
1999 Harrison Street, 26ᵗʰ Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile:  (510) 451-1527

3

4

5

6

Attorneys for Defendant
TOOTSIE ROLL INDUSTRIES, INC.

7

8

9

10

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

MAXINE BEASLEY, on behalf of herself and all
others similarly situated,

     Plaintiff,

     v.

TOOTSIE ROLL INDUSTRIES, INC.,

     Defendant.

Civil Case No.:      3:21-cv-01297

**SECOND AMENDED NOTICE OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT BY DEFENDANT
TOOTSIE ROLL INDUSTRIES, INC.**

Complaint filed:  January 25, 2021
Complaint served:  February 2, 2021

19

20

21

22

23

24

25

26

**[Please note that the two prior versions of this Notice contained clerical errors.  This version contains
a corrected Civil Cover Sheet.]

27

28

Defendant Tootsie Roll Industries, Inc. ("Tootsie Roll") hereby notices removal of this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, San Francisco/Oakland Division (per Civil L.R. 3-2).  This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In further support of this Notice of Removal, Tootsie Roll states as follows:

## I.        PROCEDURAL HISTORY

1.      On January 25, 2021, plaintiff Maxine Beasley filed this action in the Superior Court of the State of California, County of Alameda.  A true and correct copy of the Complaint is attached to the Declaration of David M. Jolley ("Jolley Decl." or "Jolley Declaration") (filed herewith) as **Exhibit A**.

2.       Plaintiff's counsel served Tootsie Roll with the Summons and Complaint on February 2, 2021.  *Id.* ¶ 3.  In addition to the Summons and Complaint, the following additional documents have been entered on the docket in this case in the California Superior Court for the County of Alameda:  a Civil Case Cover Sheet; an Order Setting Case Management Conference; a Proof of Service on Complaint as to Tootsie Roll Industries, Inc., and a Proof of Service by Email .  *Id.* ¶ 4.  A true and correct copy of the Summons served on Tootsie Roll is attached to the Jolley Declaration as **Exhibit B**.  A true and correct copy of the Civil Case Cover Sheet is attached to the Jolley Declaration as **Exhibit C**.  A true and correct copy of the Order Setting Case Management Conference is attached to the Jolley Declaration as **Exhibit D**.  A true and correct copy of the Proof of Service on Complaint as to Tootsie Roll Industries, Inc. is attached to the Jolley Declaration as **Exhibit E**.  A true and correct copy of the Proof of Service by Email is attached to the Jolley Declaration as **Exhibit F**.

3.       Exhibits A-F to the Jolley Declaration constitute all of the process, pleadings, and orders served on Tootsie Roll in this case, and are attached to the Jolley Declaration pursuant to 28 U.S.C. § 1446(a).

4.     The Complaint concerns Tootsie Roll's sale of Tootsie Rolls and Tootsie Pops ("Tootsie Products").  Jolley Decl. Ex. A, ¶ 3 (p. 1).[1]  Plaintiff alleges that the Tootsie Products contained partially hydrogenated oil, which is unsafe for use in food.  *Id.* Ex. A ¶¶ 4-9 (pp. 1-2).  On behalf of a putative class of consumers who purchased Tootsie Products in California from January 1, 2010 to December 31, 2016, plaintiff asserts violations of California's Unfair Competition Law and Breach of Implied Warranty of Merchantability.  *See id.* Ex. A ¶¶ 90-117.  As a remedy, plaintiff seeks "[a]n award of actual damages, punitive damages, and restitution of $40 million," along with fees and costs.  *See id.* Ex. A, Prayer for Relief (at p. 19).

## II.     PARTIES

5.     Plaintiff is alleged to be a citizen of California.  *Id.* Ex. A ¶ 3 (p. 2).

6.     Tootsie Roll is a Virginia corporation, with its headquarters in Chicago, Illinois.  *Id.* Ex. A ¶ 1 (p. 2).

## III.     TIMELINESS OF REMOVAL

7.     Plaintiff served Tootsie Roll with the Summons and Complaint on February 2, 2021.  *Id.* ¶ 3.

8.     This Notice of Removal, filed 21 days after formal service of process, is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (time for removal runs from receipt of formal service of process, including a summons).

## IV.     BASIS FOR REMOVAL JURISDICTION

### A.     Jurisdiction

9.     The claims asserted by plaintiff give rise to jurisdiction under CAFA, 28 U.S.C. § 1332(d).  Tootsie Roll also invokes all other grounds for removal that exist under applicable law.

---

[1] The Complaint has two sets of Paragraphs 1-9.  This Notice will include page numbers in any references to these paragraphs for clarification.

1          10.  This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d),

2    because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member

3    of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members

4    of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in

5    controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C.

6    § 1332(d)(2), (d)(5)(B).

7          **B.**     **CAFA's "class action" requirement is satisfied.**

8          11.  CAFA defines a "class action" to include "any civil action filed under rule 23 of the

9    Federal Rules of Civil Procedure or similar State statute … authorizing an action to be brought by 1 or

10   more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case qualifies as a class

11   action removable under Section 1332(d)(1)(B). The Complaint states that plaintiff "brings this action on

12   behalf of herself and all others similarly situated…." Jolley Decl. Ex. A ¶ 90.

13         12.  Specifically, Plaintiff seeks to represent "All citizens of California who purchased

14   in California Tootsie Products containing partially hydrogenated oil between January 1, 2010 and

15   December 31, 2016." *Id.*

16         **C.**     **CAFA's minimal diversity requirement is satisfied.**

17         13.  CAFA's minimal diversity requirement is satisfied when "any member of a class of

18   plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This

19   requirement is satisfied here because (a) plaintiff is a resident of California and seeks to represent a class

20   California consumers, and (b) Tootsie Roll is not a citizen of California. Tootsie Roll is not

21   incorporated in California and does not have its main offices or principal places of business in

22   California. *See* Jolley Decl. Ex. A ¶ 1 (p. 2). Because Tootsie Roll is diverse from plaintiff and from

23   the putative class members she seeks to represent, CAFA's minimal diversity requirement is satisfied.

24         **D.**     **CAFA's amount-in-controversy requirement is satisfied.**

25         14.  CAFA jurisdiction requires that "the matter in controversy [must] exceed[] the sum

26   or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action,

27   the claims of the individual class members shall be aggregated to determine whether the matter in

28   controversy" meets the $5,000,000 threshold. *Id.* § 1332(d)(6).

SECOND AMENDED NOTICE OF REMOVAL

1    15.   A notice of removal "need include only a plausible allegation that the amount in

2    controversy exceeds the jurisdictional threshold," not an evidentiary submission.  *See Dart Cherokee*

3    *Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim*

4    *Investments, Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015) (recognizing *Dart*'s holding).

5    16.   Plaintiff affirmatively seeks "actual damages, punitive damages, and restitution of

6    $40 million."  Jolley Decl. Ex. A, Prayer for Relief (at p. 19).  "[I]f the complaint alleges damages in

7    excess of the federal amount-in-controversy requirement, then the amount-in-controversy requirement is

8    presumptively satisfied unless 'it appears to a "legal certainty" that the claim is actually for less than the

9    jurisdictional minimum.'"  *Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 998 (9th Cir.2007)

10   (quoting *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2006)).  "In measuring

11   the amount in controversy, a court must assume that the allegations of the complaint are true and that a

12   jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild*

13   *Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D.Cal. 2002).  "The ultimate inquiry

14   is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually

15   owe."  *Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).

16   17.   In addition, the Complaint seeks attorneys' fees.  *See id.*  Such fees are included in

17   any amount-in-controversy analysis.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th

18   Cir. 2007).  An estimate of attorneys' fees of 25 percent of the potential recovery is reasonable, but the

19   ultimate calculation is left to the discretion of the district court on remand.  *Arias v. Residence Inn by*

20   *Marriott*, 936 F.3d 920, 928 (9th Cir. 2019); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785,

21   796 (9th Cir. 2018).

22   18.   For the reasons set forth above, the relief sought in the Complaint places more than

23   $5,000,000 in controversy, exclusive of interest and costs.  Thus, CAFA's amount-in-controversy

24   requirement is satisfied.  *See Dart*, 135 S. Ct. at 554.

25   **E.     CAFA's numerosity requirement is satisfied.**

26   19.   This is not an action in which the "number of members of all proposed plaintiff

27   classes in the aggregate is less than 100."  28 U.S.C. § 1332(d)(5)(B).  Plaintiff brings this action on

28   behalf of all consumers who purchased Tootsie Products for a seven year period.  Jolley Decl. Ex. A ¶

90. Plaintiff alleges that the class "includes thousands of individuals who purchased Tootsie Products in California during the Class Period." *Id.* Ex. A ¶ 95. As such, the size of the putative class in this case exceeds the numerosity requirements imposed by 28 U.S.C. § 1332(d)(5)(B).

**F.    All of CAFA's requirements are satisfied.**

20.   None of the exclusions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4) applies here, as Tootsie Roll is not a citizen of California.

21.   For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

22.   The recitation of the allegations and requests for relief above is not a concession that plaintiff's allegations or legal theories have merit. Tootsie Roll reserves the right to assert all applicable defenses in this matter and deny that plaintiff (and/or the putative class) is in fact entitled to any relief.

**V.    REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA IS PROPER.**

23.   Removal to the Northern District of California is proper because it is the district within which the state action is pending. *See* 28 U.S.C. § 1446(a).

**A.    Intradistrict Assignment**

24.   Removal to the San Francisco/Oakland Division of the Northern District of California is proper because it is the division within which the state action is pending. *See id.*

**VI.    NOTICE TO STATE COURT AND PLAINTIFF**

25.   Counsel for Tootsie Roll certify that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda, and promptly served upon counsel for plaintiff.

SECOND AMENDED NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREFORE, the case now pending in the Superior Court of the State of California, County of Alameda, No. RG21086723, is hereby removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1453.


DATED:  February 23, 2021                    DONAHUE FITZGERALD LLP


                                             By:    */s/David M. Jolley*
                                                    DAVID M. JOLLEY

                                             Attorneys for Defendant
                                             TOOTSIE ROLL INDUSTRIES, INC.

SECOND AMENDED NOTICE OF REMOVAL